Dear Mr. Toadvin:
You have requested an opinion of the Attorney General, in your capacity as Administrative Director to the Municipal Employees' Retirement System of Louisiana (System), relative to the payment of retirement benefits to a participant in the System.
You state that this individual served as the Mayor of the Town of Arcadia, during which time he was a member of the System. He vacated the office on December 31, 1994, and left his accumulated employee contributions on deposit with the System, in anticipation of eventually becoming eligible for retirement upon attaining the age required therefor. Thus, he became what is commonly referred to as an "eligible vested member."
A Retirement Benefit Estimate was sent to the individual in the Summer of 1987, with service assumed through December 31, 1989, and the retirement benefit "estimated as of April 1, 1996." The Estimate placed him on notice that he would be eligible for retirement on April 1, 1996.
The member did, in fact, become eligible for a regular retirement benefit on April 1, 1996, the first day of the first month after he became 60 years of age. However, he did not file his application for retirement until December 11, 1998. Accordingly, the System has been paying monthly benefits to the individual since January 1, 1999, pursuant to R.S. 11:1756(B). You state that it is not unusual for eligible participants to delay their retirement. In many cases, a participant will continue employment in the public sector and seek a transfer of retirement credit.
The member has requested that the System's Board of Trustees approve retroactive payments of monthly benefits from the initial date of eligibility (i.e., April 1, 1996) through December 1, 1998. You request our opinion as to whether this retroactive payment of benefits is legally permissible.
As you note, the controlling statutory provision is found at R.S. 11:1756(B). It provides as follows:
 § 1756. Application for benefits; commencement of benefits; payment of benefits
 B. The benefit shall commence upon the first day of the first month following withdrawal of the member from employment, provided such retirement received board approval, except that the retirement allowance for an eligible vested member shall commence on the first day of the first month following application for benefits and subsequent board approval. (Emphasis added.)
We find the following provisions of statutory interpretation and construction to be relevant to the resolution of this issue:
 R.S. 1:3 Words and phrases; how construed
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
 The word "shall" is mandatory and the word "may" is permissive.
 R.S. 1:4 Unambiguous wording not to be disregarded
 When the wording of a Section is clear and free of ambiguity, the letter of it shall not be disregarded under the pretext of pursuing its spirit.
 Civil Code Art. 9. Clear and unambiguous law
 When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
Applying the above rules of statutory construction and interpretation to the issue before us, we note that R.S.11:1756(B) unequivocally states that the retirement allowance for an eligible vested member shall commence on the first day of the first month following application for benefits andsubsequent board approval. The member, in question, filed his application for benefits on December 11, 1998. Thus, assuming Board approval was granted, retirement benefits properly commenced on January 1, 1999, the first day of the first month following application.
You state that it has consistently been, and continues to be, the policy of the System to disallow retroactive benefits under the factual scenario presented herein. We agree that the mandatory provisions of R.S. 11:1756(B), with respect to this applicant, are clear and unambiguous.
Accordingly, it is the opinion of this office that the law clearly provides that the commencement date for retirement benefits for an eligible vested member shall be on the first day of the first month following the application and subsequent Board approval for benefits. In this case, the application was made on December 11, 1998. The benefits properly commenced on January 1, 1999. Any payment of retroactive benefits would constitute a violation of R.S. 11:1756(B).
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj